**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Rusagara Perserverance,

Petitioner,

v.

Luis Rosa, Jr.,

Respondent.

No. CV-26-03473-PHX-SMB (JZB)

**ORDER**

On May 15, 2026, self-represented Petitioner Rusagara Perserverance, who is confined in the Central Arizona Florence Correctional Complex, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) challenging his immigration detention, an Application to Proceed In Forma Pauperis (Doc. 2), and a Motion for Appointment of Counsel (Doc. 3). The Court will grant the IFP application, deny without prejudice the Petition, dismiss without prejudice this action, and deny as moot the Motion for Appointment of Counsel.

Petitioner is a citizen of the Democratic Republic of the Congo who entered the United States in 2013. On an unknown date, Petitioner was redetained by Immigration and Customs Enforcement officials. On March 18, 2026, an immigration judge ordered him removed from the United States. Petitioner and Respondent waived appeal. Petitioner contends his continued detention violates the Fifth Amendment Due Process Clause and exceeds the presumptively reasonable period recognized in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, continued detention is mandatory. 8 U.S.C. § 1231(a)(2). "[A]n alien ordered removed whose removal is not reasonably foreseeable cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention [under § 1231(a)(2)] have passed." *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 (9th Cir. 2004).

Because both Petitioner and Respondent waived appeal of Petitioner's removal order, it became final on March 18, 2026. *See* 8 C.F.R. § 1241.1(b), (c) (an order of removal becomes final upon "waiver of appeal by the respondent" or "expiration of the time allotted for appeal if the respondent does not file an appeal within that time"); 8 C.F.R. § 1003.38(b) (allowing 30 calendar days to appeal an IJ's decision). Because Petitioner filed his § 2241 Petition during the 90-day removal period, the Court will deny the Petition and dismiss this action. *Khotesouvan*, 386 F.3d at 1301 ("Because petitioners filed their habeas petitions during the 90-day removal period, the district court correctly dismissed the petitions.").

Petitioner can file a new petition after 90 days have passed. After the 90-day removal period, the Attorney General has discretionary authority to detain certain aliens or to release them under an order of supervision. 8 U.S.C. § 1231(a)(6). However, an alien's detention for six months following the beginning of the removal period is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. Petitioner should be aware that it is unclear whether an alien can raise a colorable claim for release where 90 days have passed, but six months have not. *Compare Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (the "six-month period must have expired at the time [the habeas petition] was filed in order to state a claim under *Zadvydas*"), *with Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The Supreme Court in *Zadvydas* outlined a 'guide' for approaching these detention challenges, not a prohibition on claims challenging detention less than six months.") (internal citation omitted).

**IT IS ORDERED:**

(1) Petitioner's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2) Petitioner's § 2241 Petition (Doc. 1) is **denied** and this action is **dismissed without prejudice**.

(3) Petitioner's Motion for Appointment of Counsel (Doc. 3) is **denied without prejudice**.

(4) The Clerk of Court shall enter judgment accordingly and close this case.

Dated this 18th day of June, 2026.

Honorable Susan M. Brnovich
United States District Judge